UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMICONDUCTOR GLOBAL SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ASSET EXCHANGE AND TRADING, LLC, et al.,<br><br>Defendants. | Case No. 25-cv-04075-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 37 |

Pending before the Court is a motion to stay filed by Defendants Capital Asset Exchange and Trading, LLC ("CAET"), CAE Online LLC ("CAEO"), Ryan Franzke Jacob ("Mr. Jacob"), and Jeffrey Scott Robbins ("Mr. Robbins") (collectively, "Defendants"). Defendants seek to stay this action pending the determination by the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") regarding CAET's purported application for a license to refund the payment at issue in this action. *See* Motion to Stay ("Mot."), Dkt. No. 37. The motion is fully briefed and is deemed submitted pursuant to Civil Local Rule 7-1(b). *See* Plaintiff's Opposition to Motion to Stay ("Opp."), Dkt. No. 44; Defendants' Reply in support of Motion to Stay ("Reply"), Dkt. No. 45; Dkt. No. 49.

The Court has "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Before imposing what is known as a *Landis* stay, the Court considers three competing interests: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

questions of law which could be expected to result form a stay." *Id.*

Previously, in its order granting Defendants' partial motion to dismiss Plaintiff Semiconductor Global Solutions' ("Plaintiff" or "SGS") Complaint, this Court deferred ruling on Defendants' motion to stay pending a report from Defendants concerning the status of their license application to issue a refund to SGS. Dkt. No. 52 at 1, 9. Defendants timely filed a status report (Dkt. No. 53) and supplemental status report (Dkt. No. 54). Defendants report that OFAC has now assigned a case number to Defendants' application submitted May 16, 2025, and has begun to process the application. March 19, 2026 OFAC Email, Exhibit A to Declaration of Christopher Edgar ("Edgar Decl."), Dkt. No. 54-1.

While issuing a stay pending OFAC's determination of Defendants' license application to issue a refund to SGS certainly could lead to the simplification of the issues in this case, *see Lockyer*, 398 F.3d at 1110, the Court finds that Defendants have not met their burden to show any hardship or inequity they will suffer in being required to go forward with litigation. On the other hand, if the Court were to grant a stay, Plaintiff would be forced to wait an indeterminate, and potentially lengthy, amount of time to obtain a decision on the merits of its claim. This harm is particularly pronounced given that OFAC appears to have only just begun to process Defendants' application ten months after it was submitted.

The Court thus **DENIES** Defendants' motion to stay.

**IT IS SO ORDERED.**

Dated:    3/25/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge