United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEMICONDUCTOR GLOBAL SOLUTIONS,

Plaintiff,

v.

CAPITAL ASSET EXCHANGE AND TRADING, LLC, et al.,

Defendants.

Case No. 25-cv-04075-HSG

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DEPOSIT FUNDS**

Re: Dkt. No. 68

Pending before the Court is a motion for preliminary injunction filed by Plaintiff Semiconductor Global Solutions ("Plaintiff" or "SGS"). Dkt. No. 68. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I. BACKGROUND

In 2022, Plaintiff, a Chinese corporation, purchased semiconductor manufacturing equipment from Defendant Capital Asset Exchange & Trading LLC ("CAET") for $2 million. Defendant CAET, for its part, does not appear to dispute that it received these funds and has not delivered the equipment. Rather, CAET contends that it cannot return the funds until it has authorization to do so from the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"). *See, e.g.*, Dkt. No. 72 at 1 ("CAET determined it could not lawfully deliver the Equipment to SGS" and "could not refund SGS's payment either, at least [not] without a license from the appropriate regulatory agency"). Specifically, CAET argues that SGS is owned by a subsidiary of Semiconductor Manufacturing International Corporation ("SMIC"), which appears on a list of entities that OFAC has determined pose a risk to U.S. national security. *Id.* In

United States District Court
Northern District of California

May 2025, CAET submitted a request to OFAC for a license to refund SGS's payment. This request remains pending.

Although Plaintiff originally filed this case in August 2024, Dkt. No. 1, it now seeks a preliminary injunction requiring Defendant "to preserve and deposit $2,000,000.00 into the Court's registry," Dkt. No. 68 at 1. Plaintiff argues that the preliminary injunction is necessary to preserve the status quo because "there is no assurance that the funds will remain available when the Court or OFAC ultimately determines the parties' rights." *Id.* at 3. Plaintiff generally asserts that it is "concerned that the disputed funds may be transferred, dissipated, used for other business operations, used to resolve other disputes, or otherwise become unavailable before final judgment in this action." *Id.* at 8.

## II. LEGAL STANDARD

A plaintiff seeking preliminary relief must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Where a plaintiff seeks mandatory injunctive relief instead of prohibitory injunctive relief to maintain the status quo, a plaintiff's burden is "doubly demanding." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Such a plaintiff "must establish that the law and facts clearly favor her position, not simply that she is likely to succeed." *Id.* And the Ninth Circuit often cautions that a mandatory injunction "goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored." *Id.* (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d

1313, 1320 (9th Cir. 1994)). District courts therefore should deny such requests "unless the facts and law clearly favor the moving party." *Stanley*, 13 F.3d at 1320 (quotation omitted). Put differently, mandatory injunctive relief should never issue in "doubtful cases." *Garcia*, 786 F.3d at 740 (quoting *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011)).

## III. DISCUSSION

As an initial matter, the parties dispute whether Plaintiff is seeking a mandatory injunction. *Compare* Dkt. No. 72 at 23, *with* Dkt. No. 73 at 11–12. A preliminary injunction "can take two forms," either a "prohibitory injunction" or a "mandatory injunction." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009). "Prohibitory injunction[s]" simply "preserve the status quo pending a determination of the action on the merits," while "mandatory injunction[s]" "order[] a responsible party to take action." *Id.* (quotation omitted). Given the weakness of Plaintiff's motion, however, the line between mandatory versus prohibitory injunctions is not dispositive here. Even assuming Plaintiff is seeking a prohibitory injunction, it has failed to meet its burden of establishing that an injunction is warranted under the circumstances.

Plaintiff does not meaningfully grapple with Defendant's asserted defense that regulations currently prevent it from delivering Plaintiff the equipment or returning the payment because of its ties to SMIC. But even putting that aside, Plaintiff has not shown that it is likely to suffer irreparable harm. At bottom, Plaintiff asserts that there is a risk of dissipation, concealment, or an inability to recover its $2 million payment because to date Defendant has not provided a refund. Plaintiff also suggests that Defendant's conduct indicates that it is generally untrustworthy and may not preserve the $2 million during the pendency of this litigation. In support of this supposition, Plaintiff asserts that Defendant's "non-delivery, non-refund, lack of segregation, CAET's exclusive control, CAET's asserted regulatory barrier to repayment, and CAET's refusal to give any assurance that the funds will remain available creates the specific risk at issue." *See* Dkt. No. 73 at 10. But far from suggesting untrustworthiness, this list simply indicates that Defendant (1) has not returned Plaintiff's $2 million because it believes it cannot do so without

OFAC approval; and (2) has not proactively segregated the funds. This is not enough. The Court also notes that Plaintiff filed this case in August 2024, but waited nearly two years before filing a motion for preliminary injunction. Plaintiff does not cite any changed circumstances explaining why it waited so long to do so. Rather, it points out that "the case was delayed by CAET's transfer/dismissal strategy" as well as "CAET's motion to stay" and OFAC application. But none of those actions precluded Plaintiff from filing a motion for preliminary injunction. In short, Plaintiff has failed to show that it is entitled to the "extraordinary remedy" of a preliminary injunction.

## IV. CONCLUSION

The Court **DENIES** the motion. Dkt. No. 68.

**IT IS SO ORDERED.**

Dated: 8/13/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge