United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEMICONDUCTOR GLOBAL SOLUTIONS,

Plaintiff,

v.

CAPITAL ASSET EXCHANGE AND TRADING, LLC, et al.,

Defendants.

Case No. 25-cv-04075-HSG (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 78

In ECF No. 78, CAET moves to compel concerning interrogatories 6 and 7, as well as requests for production 8 and 10, among other discovery requests.

The Court is having trouble understanding the relevance of the information sought by rogs 6 and 7. CAET argues that "[i]n determining whether to allow a transaction between a U.S. entity and a foreign one, the BIS and OFAC examine the foreign entity's customer relationships, as they bear on the likelihood that the transaction will support the operations of a foreign actor engaged in activities contrary to U.S. national security." So, yes, the Court understands why BIS and OFAC would want this information. But this Court isn't BIS or OFAC, and this lawsuit isn't an APA proceeding challenging a BIS or OFAC decision. Further, the protective order in this case states that confidential information can be used only for purposes of this lawsuit, ECF No. 75, so confidential information produced in this case can't be turned over to BIS or OFAC.

The Court is left wondering how, if at all, the requested information is relevant to any decision that this Court would make. Is CAET under the impression that the Court will analyze SGS's sales over the past five years and then make some kind of national security determination? Does CAET imagine that the Court (not OFAC) will decide whether the applicable regulations bar

United States District Court
Northern District of California

a refund to SGS? The Court understands that the parties have competing interpretations of the applicable regulations, but at the end of the day, what answers are they expecting from the Court (as opposed to an agency)? The Court has the same questions concerning RFPs 8 and 10

Accordingly, the Court **ORDERS** the parties to file a joint discovery letter brief not to exceed five pages in which they provide their respective views on these issues. The joint discovery letter brief shall be filed no later than November 12, 2026.

**IT IS SO ORDERED.**

Dated: November 5, 2026

THOMAS S. HIXSON
United States Magistrate Judge